IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWAL P.S.,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-08084-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 209-921-563 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Kawal P.S.[1] was issued a "C1/D" visa on May 9, 2016, and he lawfully entered the country after receiving a crewman's landing permit on October 12, 2016. Dkt. No. 1-2, at pgs. 2–3. Petitioner overstayed his landing permit, applied for asylum, and was referred to immigration court for "asylum-only" proceedings. *Id.* at pgs. 5–18. Those proceedings are ongoing. *See* Dkt. No. 7-4, at pg. 1.

In August 2026, federal law enforcement officers arrested Petitioner. Dkt. No. 7-2, at pg. 18. Petitioner was charged with various offenses in a five-count indictment, *id.* at pgs. 1–5, and his criminal case remains pending, *see* Dkt. No. 1, at pg. 8. After a

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

magistrate judge ordered Petitioner's release pending trial, *see* Dkt. No. 1-2, at pgs. 98–100, immigration authorities detained him on August 25, 2026, *see* Dkt. No. 1, at pg. 9. Petitioner requested a bond hearing, but an immigration judge denied that request citing a lack of jurisdiction. *See* Dkt. No. 1-2, at pg. 20. Petitioner now invokes this court's habeas jurisdiction challenging the lawfulness of his detention on various grounds. *See* Dkt. No. 1.

Respondents initially argued that Petitioner was not entitled to a bond hearing because he is subject to detention under 8 U.S.C. § 1282(b). *See* Dkt. No. 7. Respondents have acknowledged, however, that they "lack the records to support [8 U.S.C. § 1282(b)] detention in these proceedings." Dkt. No. 10, at pg. 1. Thus, the court does not consider any possible application of 8 U.S.C. § 1282(b) to the facts of this case.

Respondents now instead argue that Petitioner is subject to mandatory detention "under [8 U.S.C. § 1226(c)] because there is reason to believe Petitioner is inadmissible under [8 U.S.C. § 1182(a)(2)(C)(i)]" based on the charges in his pending federal criminal case. Dkt. No. 10. The court finds this argument unpersuasive for two primary reasons. First, Respondents fail to explain why *inadmissibility* under 8 U.S.C. § 1182(a)(2)(C)(i) has any relevance here, given that Petitioner lawfully entered the country in 2016. *See generally Sanchez-Ruano v. Garland*, 8 F.4th 965, 968 (9th Cir. 2021) (explaining that "[a]liens who have entered the United States lawfully and have committed certain crimes are *deportable*," whereas only "[a]liens who have not been admitted legally and

commit certain crimes in the United States are *inadmissible*" (emphases in original)). And while Petitioner undisputedly entered the United States lawfully on a C1/D visa, Respondents make no argument that 8 U.S.C. § 1227(a)—which provides grounds of *deportability* for "[a]ny alien (including an alien crewman)"—requires Petitioner's detention without a bond hearing. And second, even if inadmissibility under 8 U.S.C. § 1182(a)(2)(C)(i) were relevant here, despite Petitioner's lawful entry, Respondents' position faces a further problem: they fail to address the numerous decisions in this district holding that an administrative charge of inadmissibility is a prerequisite to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). *See, e.g.*, *Vasquez Rosas v. Warden of California City Det. Ctr.*, No. 1:26-cv-05374-NW, 2026 WL 2996618, at *2 (E.D. Cal. Oct. 5, 2026); *see also Miao v. Chestnut*, No. 1:26-cv-01271-KES-SKO (HC), 2026 WL 947020, at *2 (E.D. Cal. Apr. 8, 2026) (noting that noncitizen had not been charged as being inadmissible under 8 U.S.C. § 1182(a)(2) in rejecting mandatory detention under 8 U.S.C. § 1226(c)(1)(A)). Nothing in the current record suggests that Petitioner has ever been charged with inadmissibility under 8 U.S.C. § 1182(a)(2)(C)(i).

Considering the foregoing, the court concludes that the relevant detention authority in this case currently is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1226(c)(1)(A). *Accord Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (describing detention under 8 U.S.C. § 1226(a) as the "default rule"). Thus, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner

challenges in Count I the lawfulness of his detention under the Immigration and Nationality Act. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 26, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge